UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 03-C-164

ALLEN MATCHOPATOW,

        Defendant.

## STATEMENT ON REMAND

       This case is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471, 481-84 (7th Cir. 2005). Defendant Allen Matchopatow was convicted on his plea of guilty of knowingly engaging in sexual contact with a minor under 12 years of age by touching her genitalia either directly or over her clothing contrary to 18 U.S.C. § 2244(a)(1)(c). Matchopatow appealed his conviction and sentence, claiming that the court had erred in treating the guidelines as mandatory and in concluding from the out-of-court statement by the victim that the contact had occurred under clothing. The court of appeals determined in an unpublished decision that the court's reliance on the out-of-court statement of the victim did not constitute plain error, and since no objection had been made at the time of sentencing, Matchopatow was not entitled to relief on that basis. With respect to the guideline issue, the court directed a limited remand to allow this court to indicate whether it would have sentenced the defendant differently had it known that the guidelines were advisory rather than mandatory.

Counsel for the government and Matchopatow have filed statements with the court in support of their respective positions. I have reviewed those statements, as well as the sentencing transcript and the presentence report, and now conclude that I would not have sentenced Matchopatow to a lesser term even if I had known that the guidelines were advisory. The sentence imposed by the court was at the high end of the guidelines after deducting the amount of time Matchopatow had already served for a tribal conviction for the same offense. As I explained at the sentencing hearing, the high end of the guideline range was selected primarily because of the seriousness of the offense and the need to protect the public. The court concluded that the offense was serious and that it appeared to have involved direct contact with the eight-year-old victim's vaginal area under her clothing. With respect to the need to protect the public, the court noted that the defendant had a prior conviction for an almost identical offense and that he had done poorly on supervised release following the term of imprisonment in that case.

The court is satisfied that its statement of reasons for imposing a sentence at the high end of the guidelines would have caused it to impose the same sentence even if it had known that the guidelines were advisory. Matchopatow argues that the court should reconsider its determination as to the seriousness of the offense in light of the fact that the statement relied upon by the victim was not subject to cross-examination. Matchopatow argues that such statements are presumed unreliable and should not form the basis for such a determination. Although the Seventh Circuit concluded that the court's reliance on the statement did not constitute plain error, Matchopatow argues that this factor should cause the court to reevaluate its determination.

Even without the victim's statement in this case, the court is satisfied that its conclusions with respect to the seriousness of the offense warrant the sentence imposed. Even without direct

2

contact under the clothing, the relevant conduct reveals four to five separate contacts with an eight-year-old victim. Moreover, by the defendant's own admission, he may have made slight penetration of the vagina over her panties on one of the occasions. The number of incidents, the age of the victim and at least questionable penetration support the court's finding that the offense is a significant one.

Furthermore, *Jones* and the other cases Matchopatow cites in support of a presumption of unreliability for out-of-court statements deals with custodial statements of co-defendants in which there is an effort to shift blame. While there can also be problems with statements of young children concerning sexual assault, the victim's statement here is to a large extent corroborated by the defendant's own statement to the investigating agents. For these reasons, the court would not reevaluate its determination as to the seriousness of the offense. More important to the court's determination was the need to protect the public. Based upon the defendant's prior conviction and poor performance on supervision, the court is satisfied that the length of sentence imposed was warranted by this consideration.

As to the health problems Matchopatow cites in support of his plea for a lessor sentence, the court notes that neither Matchopatow's medical problems nor his possible mental health problems render him less a danger to children. Those problems existed at the time the defendant committed this offense and did not reduce the likelihood of his recidivism. The court is also not persuaded by the argument that his medical problems will make his confinement in the United States Prison System more difficult. In fact, the defendant is likely to receive better medical care in prison and to benefit from the stable environment, the lack of access to alcohol and drugs, and the regular and nutritious meals he will receive in the prison environment.

3

For all of these reasons, the court concludes that it would not have sentenced the defendant to a lesser term had it known that the guidelines were advisory.

Dated this   15th   day of December, 2005.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge

4

Case 1:03-cr-00164-WCG   Filed 12/15/05   Page 4 of 4   Document 42